IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | C O M P L A I N T |
| | ) | JURY DEMAND |
| DIRECT OPTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities

Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful

employment practices on the basis of disability and to provide appropriate relief to

Laurel Miller who was adversely affected by such practices. As alleged with

greater particularity in paragraphs 8 – 10 below, the Equal Employment

Opportunity Commission alleges that Direct Optical, Inc. failed to provide Miller

with a reasonable accommodation, and subsequently terminated her because of her

disability and in retaliation for her accommodation request.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Direct Optical, Inc. (the "Employer"), a Michigan corporation, has continuously been doing business in the State of Michigan and the City of Farmington Hills, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Laurel Miller ("Miller") filed a charge with the Commission alleging violations of Titles I and V of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Miller suffers from generalized anxiety disorder, depression, and PTSD. She is an individual with a disability, as defined by Section 3(1) of Title I of the ADA, 42 U.S.C. § 12102(1).

9.    Beginning on or about October 4, 2011, Defendant Employer discriminated against Miller because of her disability by engaging in unlawful employment practices at its Farmington Hills, Michigan location, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

      a.    Specifically, Defendant Employer denied Miller's request for the reasonable accommodation of allowing her to bring her service dog to work with her.

      b.    Defendant Employer disciplined Millerand eventually terminated her because of her disability.

10.   Beginning on or about October 17, 2011, Defendant Employer retaliated against Miller in violation of Section 503 of Title V of the ADA, 42 U.S.C. §12203. Specifically, following Defendant Employer's denial of Miller's accommodation request and Miller's complaints about such denial, Defendant Employer disciplined Miller, reduced her hours, and eventually terminated her employment on or about December 16, 2011.

11.   The effect of the practices complained of in paragraphs 9 and 10 above has been to deprive Laurel Miller of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and opposition to Defendant Employer's discriminatory practices.

12.  The unlawful employment practices complained of in paragraphs 9 and 10 above intentional.

13.  The unlawful employment practices complained of in paragraphs 9 and 10 above were done with malice or with reckless indifference to the federally protected rights of Laurel Miller.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against persons because of their disabilities or requests for reasonable accommodation.

B.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against persons from requesting reasonable accommodations or complaining about impermissible actions under the ADA.

C.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant Employer to make whole Laurel Miller, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay, reinstatement, and neutral letters of reference.

E.   Order Defendant Employer to make whole Laurel Miller by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to job search expenses, medical expenses, in amounts to be determined at trial.

F.   Order Defendant Employer to make whole Laurel Miller by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, mental anguish, decline in health, injury to character, injury to professional standing, in amounts to be determined at trial.

G.   Order Defendant Employer to pay Laurel Miller punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Date:  December 3, 2013                    Respectfully submitted,

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
| --- | --- |
| /s/ Laurie A. Young<br>Laurie A. Young<br>Regional Attorney<br>Indianapolis District Office | /s/ Lauren Gibbs Burstein<br>Lauren Gibbs Burstein<br>Senior Trial Attorney<br><br>Detroit Field Office<br>477 Michigan Ave., Room 867 |
| /s/ Kenneth Bird<br>Kenneth Bird<br>Supervisory Trial Attorney<br>Detroit Field Office | Detroit, MI 48226<br>(313) 226-4620<br>Lauren.burstein@eeoc.gov |